Harmelink v Harmelink (2025 NY Slip Op 04708)

Harmelink v Harmelink

2025 NY Slip Op 04708

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-00136
 (Index No. 52898/19)

[*1]Angela Harmelink, respondent,
v
Herman Harmelink, appellant.

Denise J. D'Ambrosio (Feldman, Kleidman, Collins & Sappe, LLP, Fishkill, NY [Terry D. Horner], of counsel), for appellant.
Law Office of Kelley M. Enderley, P.C., Poughkeepsie, NY, for respondent.

DECISION & ORDER
In an action for divorce and ancillary relief, the father appeals from an order of the Supreme Court, Dutchess County (Christie L. D'Alessio, J.), dated November 30, 2022. The order denied, without a hearing, the father's motion for a downward modification of his child support obligation.
ORDERED that the order is affirmed, with costs.
The parties have three children in common. On June 28, 2021, the parties entered into a stipulation of settlement (hereinafter the stipulation) wherein the father agreed to pay basic child support in the sum of $2,173.84 per month. The parties' stipulation was incorporated, but not merged, into a judgment of divorce entered April 26, 2022. On January 10, 2022, prior to the entry of the judgment of divorce, the father moved for a downward modification of his child support obligation. In an order dated November 30, 2022, the Supreme Court denied, without a hearing, the father's motion. The father appeals.
"Among other grounds, '[t]he court may modify an order of child support . . . upon a showing of a substantial change in circumstances' or where 'there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted'" (Matter of Bonnano v Bonnanno, 222 AD3d 863, 864 [internal quotation marks omitted], quoting Matter of Evans v White, 173 AD3d 864, 865). Here, the stipulation reiterated these statutory grounds for modification (see Family Court Act § 451[3]). Accordingly, the father's 55% decrease in income permitted him to seek a downward modification, without any additional showing of a change in circumstances.
However, "[w]hether based upon an alleged change in circumstances or a purported decrease in income of at least 15%, the parent seeking a downward modification of a child support obligation must submit competent proof that the decrease in income occurred through no fault of the parent and the parent has diligently sought re-employment commensurate with his or her earning capacity" (Matter of Bonnano v Bonnanno, 222 AD3d at 864). Here, the father's vague and conclusory assertion that he was "compelled to separate from employment" was insufficient to meet his initial burden to establish that the decrease in his income occurred through no fault of his own [*2]or that he had made diligent attempts to secure employment commensurate with his earning capacity (see Matter of Matthews v Wei, 234 AD3d 693) Accordingly, the Supreme Court properly denied, without a hearing, the father's motion for a downward modification of his child support obligation (see Ritchey v Ritchey, 82 AD3d 948, 949).
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court